IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS LOVE<br><br>Plaintiff,<br><br>v.<br><br>NEW CASTLE COUNTY et al.,<br><br>Defendants. | Civil Action No. 22-022-GBW |

## MEMORANDUM ORDER

Plaintiff Thomas Love's ("Love") Complaint and Demand for Jury Trial (the "Complaint") allege that a police officer employed by Defendant New Castle County (the "County") used unconstitutionally excessive force when the officer released a K-9 to attack Love on January 5, 2020. D.I. 1 ¶¶ 1-2, 11-18. Love brings his Complaint against the County, the officer, and related entities (collectively, "Defendants"). D.I. 1. On May 24, 2022, Defendants filed their Motion to Dismiss the Complaint. D.I. 5. Pending now before the Court is Love's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (the "Motion"). D.I. 8.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "'[A] party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion.'" *Talley v. Wetzel*, 2022 WL 3712869, at *2 (3d Cir. Aug. 29, 2022) (quoting *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010)). The *Pioneer* factors "are: 'the danger of prejudice,' 'the length of the delay and its potential impact on judicial proceedings,' 'the reason for the delay,' and 'whether the movant acted

1

in good faith.'" *Ryder v. Bartholomew*, 715 F. App'x 144, 148 (3d Cir. 2017) (quoting *Drippe*, 604 F.3d at 785). "Furthermore, [the Third] Circuit has a decided preference for resolution of cases on the merits." *Id.*

Here, Love filed his Complaint on January 5, 2022, D.I. 1, and Defendants filed their Motion to Dismiss, which alleges insufficient and untimely service under Rules 12(b)(4) and 12(b)(5), on May 24, 2022, D.I. 5; D.I. 6 at 2. Instead of filing an answer to Defendants' motion by the June 7, 2022 deadline, *see* D. Del. L.R. 7.1.2(b), Love filed a Consent Order Granting Substitution of Attorney on August 12, 2022, D.I. 7, and this Motion on August 19, 2022, D.I. 8. Love's prior counsel and current counsel work for The Igwe Firm, *see* D.I. 1 at 10; D.I. 7, of which Emeka Igwe ("Igwe") is "the principal." D.I. 8 ¶ 2. It does not appear that Igwe is a member of the Delaware bar. *See id.* Love attributes his delay to his prior counsel's "fail[ure] to advise Attorney Igwe of the filing of the [Motion to Dismiss.]" D.I. 8 ¶¶ 5-7. Love, by implication, admits that his then-attorney also failed to timely respond. Defendants acknowledge that Igwe, acting as Love's attorney, contacted Defendants' counsel on August 4, 2022 and that the parties held a "meet and confer regarding [Love]'s request for an extension of time" the next day. D.I. 10 ¶¶ 5-6. Defendants' counsel declined to consent to an extension of time "as doing so was not in the best interests" of Defendants. D.I. 10 ¶ 7. Defendants also acknowledge that "the decision of whether to grant the Motion is left to the sound discretion of this Court, to which the Defendants defer." D.I. 10 ¶ 16.

Since Love has filed a formal motion for extension of time, the Court turns to the *Pioneer* factors. The danger of prejudice to Defendants is low since the Court may still consider Defendants' Motion to Dismiss on the merits. The length of the delay is troubling, and the failure of The Igwe Firm to supervise its attorney is an inadequate reason for delay. However, assuming

Love can show good cause for his failure to timely serve Defendants, Love's additional delay in responding to Defendants' Motion to Dismiss will not impact judicial proceedings. Defendants do not appear to allege Love's bad faith, *see* D.I. 8. Thus, the Court grants the Motion.

Love's response to Defendants' Motion to Dismiss must either demonstrate that Love effectuated proper service within Rule 4's time limits or show good cause for any failures. *See Brokenbrough v. Capitol Cleaners & Launderers Inc.*, 2014 WL 229366, at *2–4 (D. Del. Jan. 6, 2014) (denying, under the Court's discretion, a motion to dismiss for insufficient and untimely service under Rule 4, prior to Rule 4's amendment in 2015). The Court is not inclined to accept the failure of a past or present attorney at The Igwe Firm as good cause, since the firm's failures have already delayed prosecution of this suit.

Therefore, at Wilmington this 3rd day of February 2023, **IT IS HEREBY ORDERED** that Love's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss is **GRANTED** and that Love shall respond to Defendants' Motion to Dismiss no later than fourteen (14) days from the date of this Order.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE