IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| THOMAS LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-22-JLH |
| ) | |
| NEW CASTLE COUNTY, ) | |
| NEW CASTLE COUNTY DEPARTMENT ) | |
| OF PUBLIC SAFETY, ) | |
| NEW CASTLE COUNTY POLICE ) | |
| DEPARTMENT, and ) | |
| OFFICER DEVON WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendants' motion to dismiss for insufficient process and insufficient service of process (D.I. 5). Defendants' motion is GRANTED.

1. Plaintiff Thomas Love filed this action on January 5, 2022, against Defendants New Castle County, New Castle County Department of Public Safety, New Castle County Police Department, and Officer Devon Williams (collectively, "Defendants"). (D.I. 1.) On May 24, 2022, Defendants filed the pending motion to dismiss. (D.I. 5.) Pursuant to the Court's Local Rules, Plaintiff's response to the motion to dismiss was due two weeks later. *See* D. Del. L.R. 7.1.2(b). Plaintiff did not respond before the deadline. More than two months after the deadline to respond, Plaintiff filed a motion for an extension of time to respond to Defendants' motion to dismiss. (D.I. 8.) The district judge previously assigned to this case granted Plaintiff's motion for an extension of time to respond, but the Court warned that "[Plaintiff]'s response to Defendants' Motion to Dismiss must either demonstrate that [Plaintiff] effectuated proper service within Rule

4's time limits or show good cause for any failures." (D.I. 11 at 3.) On February 17, 2023, Plaintiff filed its answering brief to Defendants' motion to dismiss, and Defendants filed their reply on February 24, 2023. (D.I. 13.) On January 8, 2024, this case was reassigned to me. Defendants' motion to dismiss remained pending at the time of the reassignment.

  2. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve each defendant within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m).

> If a defendant is not served within 90 days . . . , the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* A defendant may move to dismiss a complaint for insufficient process under Federal Rule of Civil Procedure 12(b)(4) or insufficient service of process under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(4), (5).

  3. In determining how to proceed in a case where the plaintiff has failed to serve a defendant within the time period in Rule 4(m), courts conduct a two-step inquiry. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)). First, the court "determines whether good cause exists for a plaintiff's failure to effect timely service." *Boley*, 123 F.3d at 758. If good cause exists, the court must extend the time for service. *Id.* In determining whether good cause exists, the court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* (quoting *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). Second, if good cause does not exist, then "the [] court must consider whether to grant a discretionary extension of time." *Id.* In exercising this discretion, the court may consider "actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of

action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 Amendments).

4. Despite this Court's prior Order that Plaintiff must either demonstrate that proper service was made "within Rule 4's time limits or show good cause for any failures" (D.I. 11 at 3), Plaintiff has failed to do either. The parties do not dispute that Plaintiff failed to timely serve Defendants as required by Rule 4(m). (D.I. 6, 13.) As for good cause for the delay, Plaintiff states that "Plaintiff will not make any representations service had been attempted prior to the date of actual service. In fact, there were no attempts made by Plaintiff's counsel in that regard." (D.I. 13 at 9.) Plaintiff further states that the associate attorney who was previously handling this case (who was at the same law firm that remains counsel of record for Plaintiff) is no longer employed there and her "ability to handle this matter had been compromised." (*Id.* at 10.) Plaintiff further provides that "[w]hile Plaintiff acknowledges the Court has admonished him that this would not serve as a basis for the denial of the Motion to Dismiss, it is important for the Court to be aware of the underlying circumstances that took place as an explanation rather than as an excuse." (*Id.*) On the present record, the Court concludes that Plaintiff has failed to demonstrate good cause.[1]

5. Having found that Plaintiff has failed to demonstrate good cause, the Court must still exercise its discretion to consider whether to extend the time for service. *See Chiang*, 331 F. App'x at 116. The parties do not dispute that Plaintiff was represented by counsel and that Defendants do not bear any blame for Plaintiff's failure to effect timely service (D.I. 6, 13); those

---

[1] Even if a failure by an associate attorney handling a case by herself were enough to demonstrate good cause (and I'm not saying it is), the Court observes that the associate attorney was not the only attorney that signed the Complaint. (D.I. 1.)

3

factors weigh in favor of declining to extend the time for service.  Plaintiff hypothesizes that Defendants may have had actual notice of the Complaint from reviewing the public record (D.I. 13 at 11), but Plaintiff has not offered any evidence to that effect, so that factor also weighs against Plaintiff.  The remaining factors—prejudice to the defendant and the statute of limitations—weigh in favor of extending the time for service.  Defendants do not argue that they have or will suffer any particular prejudice from late service (besides the fact of having to defend the case).  The parties also appear to agree that the statute of limitations may bar Plaintiff from refiling were this action to be dismissed.  (D.I. 6 at 15; D.I. 13 at 12.)  That said, the Court is troubled by the fact that, as Plaintiff expressly acknowledges, even the late-attempted process was insufficient because it lacked a valid summons and did not include a copy of the complaint.  (D.I. 6 at 6–8; D.I. 13 at 5–6.)  Plaintiff also does not dispute that, despite being alerted to the service deficiencies back in 2022, he still hasn't attempted to properly effect service on New Castle County (D.I. 6 at 9; D.I. 13 at 13),[2] and he admits that he has never "move[d] for an extension of time to serve Defendants which would have been the proper course of action under the Rules of Federal Procedure."  (D.I. 13 at 10.)

6.     While the running of the statute of limitations and the lack of prejudice cut in favor of extending the time for service, when balanced against the other circumstances here (including Plaintiff's other conduct demonstrating a lack of diligence), the Court has determined in its discretion that the time for service of process should not be extended.  *See Chiang*, 331 F. App'x at 116 (affirming district court's decision not to extend time for service notwithstanding the expiration of the limitations period).

---

[2] Plaintiff failed to respond to Defendants' argument that named Defendants "New Castle County Department of Public Safety" and "New Castle County Police Department" are not independently subject to suit.

7.      For the reasons set forth above, IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.I. 5) is GRANTED.  The Complaint is dismissed without prejudice.  The Clerk of Court is directed to close the case.

Date: June 7, 2024

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE